IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDRICK E. MCSWINE, | 8:22CV30 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, | |
| Defendant. | |

Plaintiff, a state prisoner currently incarcerated at the Lincoln Correctional Center ("LCC"), filed his pro se Complaint (Filing 1) and paid the required filing fee on January 24, 2022. The court will now conduct an initial review of the pleading to determine whether the case may proceed to service of process.

I. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff complains he needs new eyeglasses. Plaintiff's last prescription was in February 2018, when he was seen at the Tecumseh State Correctional Institute ("TSCI") eye clinic. Prisoners could be seen at the TSCI clinic every 2 years, but when Plaintiff's next appointment came up he was in restrictive housing and was not taken to the appointment because of staffing shortages at the prison. Several passes were issued, but Plaintiff was never escorted to the clinic. Plaintiff was later transferred to LCC, where he was put at the bottom of the waiting list for an eye exam, which is very long. Plaintiff alleges he suffers headaches, migraines, blurred vision, and lack of vision because he cannot obtain a new prescription. Plaintiff has filed grievances at LCC, but has been told he needs to wait his turn. Only prospective injunctive relief is sought.

## III. DISCUSSION

This is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to

2

serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009)). Deliberate indifference requires a showing that the defendant "had actual knowledge of that need but deliberately disregarded it." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Bailey*, 810 F.3d, at 594).

In an unpublished 1994 decision, the Court of Appeals affirmed the dismissal of an Eighth Amendment claim where although there was a delay in supplying an inmate eyeglasses, "he did not prove the delay created an acute or escalating situation." *Muhammad v. King*, 21 F.3d 432 (Table) (8th Cir. 1994). In the present case, Plaintiff alleges the delay has adversely affected his vision and caused him pain. He also alleges prison officials have been notified of the situation, but have refused to act. This is sufficient for pleading purposes. *See, e.g., Miller v. Davidson*, No. 4:21CV3092, 2021 WL 4132420, at *9 (D. Neb. Sept. 10, 2021) (allowing individual-capacity claim to proceed against jail administrator who denied prisoner's request for eye exam, where prisoner alleged his old eyeglasses caused migraine headaches and jail administrator, who was on notice prisoner was legally blind, enjoyed seeing him suffer). *But see, e.g., Wagner v. City of Saint Louis Dep't of Pub. Safety*, No. 4:12CV01901 AGF, 2014 WL 3529678, at *8 (E.D. Mo. July 16, 2014) ("Courts in this District and others have concluded as a matter of law that the denial of eyeglasses and eye medication or headaches and blurry vision resulting from an incorrect eyeglass prescription are insufficient to establish an objectively serious medical need.") (collecting cases).

Although Plaintiff has sufficiently alleged a constitutional violation, his Complaint fails to satisfy the second requirement of a § 1983 action. Defendant, the Nebraska Department of Correctional Services ("NDCS"), is a state agency which runs Nebraska's correctional institutions, including TSCI and LCC. *See Klinger v. Dep't of Corr.*, 31 F.3d 727, 729 (8th Cir. 1994); Neb. Rev. Stat. § 83-171. NDCS, as a state agency, is a not a "person" within the meaning of 42 U.S.C. § 1983, and, under the Eleventh Amendment, is immune from suit in federal court for monetary,

declaratory, and injunctive relief. *Yanga v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV420, 2021 WL 520530, at *3 (D. Neb. Feb. 11, 2021). Plaintiff's Complaint thus fails to state a claim upon which relief may be granted under § 1983. This pleading defect may be fixed, however, with the filing of an amended complaint.

State officials sued in their official capacities for prospective injunctive relief are "persons" under § 1983, because such actions are not treated as actions against the state. See *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Under the doctrine of *Ex parte Young*, a state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex parte Young*, 209 U.S. 123 (1908).

The proper state defendant in a § 1983 action seeking prospective injunctive relief is the person who "would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims." *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (prison warden was proper defendant for a claim of injunctive relief, notwithstanding his lack of personal involvement in the challenged conduct, because he would be responsible for ensuring that the injunctive relief was carried out)). *See, e.g.*, *Billings v. N. Dakota State Penitentiary*, No. 1:07-CV-066, 2007 WL 4380056, at *3 (D. N.D. Oct. 26, 2007) ("If [the plaintiff] wants injunctive relief, he must name a state official who would be authorized under state law to provide the relief requested, which may very well be a person different from those who may be liable for any damages."), *report and recommendation adopted*, No. 1:07-CV-066, 2008 WL 243958 (D. N.D. Jan. 28, 2008); *see also Thomas v. Lincoln Reg'l Ctr. Staff Members*, No. 8:21CV368, 2021 WL 5759750, at *4 (D. Neb. Dec. 3, 2021) (defendant staff members at state mental hospital were not in positions of authority to grant relief requested).

Plaintiff claims NDCS has been negligent in not arranging for him to have an eye exam in almost 4 years. The Eighth Amendment's subjective standard of deliberate indifference is "akin to that of criminal recklessness," requiring more than negligence. *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796 (8th Cir. 2022). Similarly, the Fourteenth Amendment's Due Process Clause is "not implicated by a

4

negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Smith v. Eberhardt*, No. 8:21CV283, 2021 WL 5599353, at *5 (D. Neb. Nov. 30, 2021) (quoting *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986)); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (holding that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. The State Tort Claims Act ("STCA") grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. § 81-8,214. Consequently, any waiver of the state's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017). In short, a negligence claim cannot be maintained in this action.

Plaintiff also alleges NDCS failed to adhere to a provision in the inmate rulebook promising that "prisoners shall have the opportunity to receive community standard health care." (See Filing 1 at 4.) "[A] violation of prison regulations in itself does not give rise to a constitutional violation." *Bonner v. Federal Bureau of Prisons,* 196 Fed. Appx. 447, 448 (8th Cir. 2006); *see Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations").

Plaintiff labels this a breach-of-contract claim, but even if the provision could be enforced under Nebraska contract law, the State Contract Claims Act is the exclusive remedy for resolving contract claims against a state agency. *Zawaideh v. Nebraska Dep't of Health & Hum. Servs. Regul. & Licensure*, 825 N.W.2d 204, 212 (Neb. 2013); Neb. Rev. Stat. § 81-8,306. Although the State Contract Claims Act authorizes suits for contract claims against the State, in derogation of the State's sovereignty, *see id.*, the Act specifies that "the claimant may initiate an action in the district court of Lancaster County." Neb. Rev. Stat. § 81-8,305(3). A state does not consent to suit in federal court merely by consenting to suit in its own courts, by stating its intent to "sue and be sued," or even by authorizing suits against it in "any court of competent jurisdiction." *eScholar LLC v. Nebraska Dep't of Educ.,* 497 F. Supp. 3d 414, 423 (D. Neb. 2020) (holding, by implication, that the State Contract

5

Claims Act did not waive state agency's Eleventh Amendment immunity); *see College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999); *Entergy, Ark., Inc. v. Nebraska*, 210 F.3d 887, 897 (8th Cir. 2000).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915A. On the court's own motion, though, Plaintiff will be granted leave to amend.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into <u>one document</u> may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 28, 2022**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 28th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge